Mr. Henderson. Good morning, Your Honors. May it please the Court, my name is Peter Henderson. I'm appearing on behalf of Horatio Sumrall. The question here concerns the application of the statutory factor 3553A2A, which is not a factor that Congress directed district courts to consider when imposing sentence on a revocation. Really, what this case comes down to is an application of the recent Clay decision. And in the recent Clay decision, the Court held that it was not a per se prohibition. In other words, district courts can mention things relating to that subsection of 3553A, so long as the district court relies primarily on the factors that are actually listed in the revocation statute, section 3583E. And so we look to the record for evidence of that, and the district court gives us of the seriousness of the violations, the seriousness of the offense, which is, of course, an A2A factor. There were two main issues, I think, in terms of deciding the sentence in the district court. One was whether it would be a guideline sentence, and one was whether it would be run concurrently or consecutively to the state sentence that had already been imposed. And I think the district court makes pretty clear through its comments that the reason why, not only why it's an imprisonment, but why it's imposing a sentence that is consecutive and twice as high as the bottom of the guidelines, is because of the seriousness of the offense and to promote respect for the law, which is another A2A factor. Punishment, because basically the court says, well, if I impose these concurrently, there wouldn't be any incremental punishment. The court mentions other factors, but the test in Clay seems to be what's the primary factor, what's the main driver of the sentence. And the district court here says, plainly on the record, it's for punishment and it's because of the seriousness of the offense. So, Mr. Henderson, it's okay under Clay and 3583E to talk about deterrence and protection, right? Right. Well, not necessarily protection, actually. That's an A2A factor. I think Clay says, well, the purpose of A2A is more about the, to reflect the seriousness of the offense. Protection is A2C. Protection of the public, yes. I'm sorry, you're right. Okay. You're absolutely right. So we're talking about deterrence and protection of the public from further crimes by this defendant. We had a long record, had shifted gears from drugs and guns now to stolen property and so on. So, as a judge is evaluating the need for deterrence and protection, doesn't it make sense to take the seriousness of the potential of the actual offenses into account? It may, but the question is, what does the statute say and what's the primary driver of the sentence? My question is how distinct those statutory factors actually are in the minds of a decision maker. Right. And I guess I've got two responses. One is that Clay basically says, if the primary driver is to protect the public, and I'm protecting the public because I see that the offense is serious, that might not constitute reversible error. But the other thing is, in these types of cases where you have a revocation, the district court really applied the wrong framework. And I think the government does a good job of saying, trying to sort of resurrect, well, even under the right framework, this isn't reversible error. But I guess what I'd like to see is the district court come into this with the right framework to say, I need to consider the factors that are listed in 3583E. Now there may be some sort of ancillary considerations that overlap with A2A, 3553. But when you come into it with the wrong framework, what basically happens is we're trying to affirm or justify a sentence that was not even conceived of the way that we're affirming it. This is different than Clay in many ways because it is an above guideline sentence and because we have such explicit direction from the district court as to what factors it found particularly persuasive. Is it correct, here we had four grade B violations, correct? Right. Is it correct that one grade B violation would have been enough to generate the same guideline range? It is. Is it also correct that the guidelines for supervised release revocations have always been the most guideline-esque of the guidelines? They were advisory even before Booker. Right, right. No, exactly. And I'm glad that you brought that up because the argument we're making is not a substantive, this sentence is too high for this conduct. Substantive reasonableness, especially in the supervised release context, is an impossible barrier to break through, I think. What we're arguing is that the procedure that the district court used by relying on the wrong statutory factors was a procedural error that merits reversal. And we spent some time in our briefs talking about the standard of review. That's part of our argument. The standard of review on the procedure at sentencing is reviewed de novo. There's no need to object because the defendant doesn't know that the district court is going to procedurally err in imposing sentence until the sentence has been imposed. Do you think under the 3583 factors that they completely excluded any ability to refer to 3553? It's what the statute says. I mean, Congress is pretty clear about, it knows how to add these particular sections, and it took pains to list out each individual subsection except this one. To the extent that there's some sort of factual overlap in the different factors, I suppose that's just inevitable. But the statute is very clear as to what factors a district court should consider and which it shouldn't. Well, this of course, the judge wasn't happy a bit, seeing four Bs and seeing the reckless disregard from day one from the time he's on supervised release. He just continues on, and he thought that the probation people were very, I don't know what, deferential, something. Right. Well, I don't think it was exactly from day one, but right, they revoked him after he'd been on supervised release for nine and a half years. I mean, they let him go for a while. But again, I want to sort of stray away from this, would the sentence be reasonable for what happened? That's not our argument. Our argument is, did the district court follow the correct procedure? So he shouldn't have mentioned 3553 then? He shouldn't have said that it's the seriousness of the violations that in this case drove the sentence. And that's a substantive, I think the district court, a fair reading of the transcript indicates that the district court imposed the sentence because of the seriousness of the offense and to promote respect for the law. Well, and then of course he took into account, like he said, the fact that there have been 34 violations. The grade four, the grade B that have already been mentioned, and of those grade Bs, three were felonies. And he even indicated it was the most violations he had ever encountered of supervised release. And the probation had tried to work with him and given him chance after chance. Right. So it seems to me it's hard to avoid mentioning of the seriousness of the violation. Given the facts in this case. Right. And again, our argument is that the district court initiated the proceeding by saying, I have to consider the factors under 3553, not 3583. And it's perhaps understandable, supervised release for a long time has sort of been something nobody thinks twice about. I think this court has made very good strides in the last two years in actually saying, well, you have to read the statute. You have to make sure that you're proceeding according to the statute. On remand, the district court, I think, could impose the same sentence, right? I'm not disputing sort of the substance of whether this was a substantively reasonable sentence. But we would like the district court to have an opportunity under the correct statutory framework to make the relevant findings under those factors. So I'll reserve the rest of my time. All right. Thank you. Thank you. Mr. Kelby. May it please the court. Shane Kelby for the United States of America. Last year, this court decided US v Clay, which held it at a post-revocation hearing. So long as a court relied upon the revocation statute at 3583E primarily, it could also consider other factors, including 3553A2A. And that is exactly what happened here. So Mr. Kelby, where does the district judge mention 3583? Your Honor, he does not mention 3583 by name, but this court has repeatedly held there are no magic words. The judge just needs to get across a substance. And if there's a question- But he does refer to the 3553 factors. He does, Your Honor. And I believe that's because 3583E simply lists 3553 factors. Or the judge came at it the wrong way. What are the clearest indications you think that the judge recognized the difference between 3553 and 3583E? If there's any question in your minds about whether this judge knew he was sentencing under 3583 or 3553, I would direct you to page 23 of the transcript where the court says, quote, this will be punishment for what occurred here for violating our court order. We are not punishing for what he did elsewhere. We're punishing him for violating our order that he not do something, that he not do anything else somewhere else. I think it is clear from that statement that the court knows it is in a revocation sentencing. Well, we know that, but okay. Under your view of Clay, what would a district judge have to say to err? I think Clay made it clear that a district judge would have to primarily rely on 3553A2A. And a cursory review of the transcript indicates that that did not happen here. The court discussed the nature and circumstances of Mr. Sumrall's 34 violations. Noting that four were grade B violations, and as you mentioned, three were felonies. The court commented it was among the most violations he'd ever seen. And it noted- Most of these violations, though, were pretty chicken feed, right? They were- Except for the three felonies, yeah. Failures to report, and they worked with him for a long, long time without trying to revoke. That's correct, but the district court also considered other 3553A factors. It noted Mr. Sumrall's history and characteristics personally and said that he had a problem fitting in with civilized society. It mentioned that he was thumbing his nose at the court, which I think is a clear indication, again, that it was punishing him for breaching his trust or his agreement with the government to abide by the terms of supervised release. The district court also mentioned deterrence, which is, again, an acceptable 3553A factor that's listed in the revocation statute. And finally, the district court spent a significant amount of time discussing statutory and guideline policy statements about the range of sentences it could impose in Mr. Sumrall's case. In summary, it is clear from review of the transcript that this district court primarily relied on the factors listed in 3583E, and while it did mention in passing section 3553A2A, this court has made it clear that that is permissible under circumstances such as this. But you certainly agree it would have been better for the court to say he was operating under the right statute. Yes, Your Honor. But I don't think it's reversible error, especially given the standard of review. Appellant has argued for a de novo standard of review, but this court has repeatedly held that reviews of sentences for violating a term of supervised release is incredibly deferential and has stated- On substantive reasonableness, that's correct. That's correct. But, Your Honor, we would argue there has been no procedural error. U.S. v. Clay held that when a court primarily relies on the factors in 3583E, which it did, there is no procedural error. That's what U.S. v. Clay actually says. And we would say there is no procedural error here. And so the standard of review should be plainly unreasonable. Wait a minute. You're begging the question. The question is, what's the standard of review for the procedural error question? Our argument is there is no procedural error. That's not, as I say, then you're begging the question. The question is, in deciding whether there was a procedural error, what standard of review do we apply, and usually we apply a de novo review to that. Unless there's been some explicit waiver. Yes. And it has not been here. Well, we would argue, our first argument is that he did forfeit by not objecting at all. No, that's not going anywhere. Because his objection here is not to an inadequate explanation, but to the content of the explanation as reflecting a legal mistake on the part of the judge. And that's something he's not required to take an exception to, after the judge has made the mistake. Even so, your honor, I would say that in reviewing sentences for violating terms of supervised release, this court has traditionally only overturned them if they were plainly unreasonable, and has likened it to the type of review of prison disciplinary actions in U.S. v. Keysart and U.S. v. Priestley. If there are no further questions, we'd rest in our briefs. All right, thank you. How much time for Mr. Henderson? I'll give you a minute, Mr. Henderson. Thank you, your honor. Just very briefly, I think the law is clear. It's a judgment call, and that's why we have three judges. But I would direct the court to the statements that the district court made. It reminds me of the argument that preceded us. When the district court says something, we believe it. We take that as a given. And the district court explicitly said this was about punishment. This was about the seriousness of the offense. So we'd ask the court to respect that the district court says what it means, and reverse so the district court can proceed under the correct statutory framework. All right, thank you, Mr. Henderson. Thanks to both counsel. We'll take the case under advisement.